### Lawson, et al. v. City of Greenup.

(Decided June 24, 1921.)

#### Appeal from Greenup Circuit Court.

Municipal Corporations—Streets—Assessments—Abutting Owners.—Under Ky. Stats., sec. 3643, subsections 3 and 7, as amended by act of 1920 (Acts 1920, chap. 134, p. 617), a city of the fifth class by proper ordinance passed by its city council may, under the ten year bond plan, pay the cost of constructing or reconstructing its streets, including that of intersections and crossings,

out of a general fund of the city, if on hand, assess it wholly, including that of intersections and crossings, against the abutting property, or assess two-thirds of it against the abutting property and order the other third paid out of the general fund of the city. Therefore the owner of abutting property assessed for street construction in such city can not, because of such assessment, including the cost of intersections and crossings, enjoin the city from proceeding with the work of construction or from assessing the abutting property for the cost thereof.

S. S. WILLIS for appellants.

J. B. BENNETT for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

The city of Greenup, county seat of Greenup county, this state, is a municipal corporation of the fifth class, under the governmental control of a mayor and council of six members, elected by the legal voters of the municipality. June 17, 1920, the council of the city of Greenup duly adopted an ordinance requiring the paving, according to plans and specifications therein prescribed, of certain designated streets of the city, the work to be done under the ten-year bond plan authorized by Kentucky Statutes, section 3643, subsection 3, as amended by an act of 1920 (Acts 1920, chap. 134, p. 617), the entire cost of such paving, including intersections and crossings, to be ascertained, apportioned and assessed against the real estate fronting or abutting on the streets paved.

After the passage of the ordinance and upon the city of Greenup's advertising for bids from contractors wishing to do the street paving required by its provisions, this action was brought against the city in the court below by the appellants, J. T. Lawson and R. E. L. Wilson, resident taxpayers of the city and owners of real estate abutting the streets, or some of them, proposed to be paved, seeking by injunction to prevent it from entering into contracts for the doing of the contemplated street paving, or otherwise proceeding with the work. The grounds alleged in the petition for the injunctive relief prayed are that the city is without power to assess the cost of street intersections or crossings against the abutting property and that in the absence of such power it must pay such cost itself, to do which would lead to a violation of section 157 of the Constitution, as its liability for the cost of such intersections and crossings, with other debts it is owing, would exceed the limit of indebted-

ness fixed by that section for a city of its class, unless authority to the city to incur such indebtedness is given by the voters thereof upon a submission of the question to them, which admittedly has not been done. The city of Greenup filed a general demurrer to the petition, which the circuit court sustained. Appellants refused to plead further and their petition was dismissed. They complain of these rulings and the resulting judgment, and have appealed.

The contentions of the appellants set forth in the petition are met by that of the appellee city that section 3643, Ky. Statutes, as amended by the act of 1920, confers upon its council the same authority to assess the cost of paving of street intersections and crossings against the abutting property that it has to assess against such property the cost of paving or otherwise constructing streets generally, or parts thereof, other than intersections or crossings, and the determination of this question will be decisive of the case.

It will be found that section 3643, *supra,* contains thirteen subsections, and prior to the passage of the amendatory act of 1920, subsection 1 thereof reads as follows:

"The cost of constructing or reconstructing the intersection or crossing of streets, avenues and highways shall be at the expense of the city."

Subsection 7 of the section 3643 provides.

"The cost of any improvement made hereunder shall be assessed equally by the front feet upon the property fronting or abutting or bordering upon said improvement. All property fronting or abutting or bordering upon said improvement belonging to the city shall be considered and assessed as property belonging to individuals and the assessment thereon (together with the cost of intersections and crossings) shall be paid by the city out of the general fund and charged to the street improvement fund."

The act of 1920 amends subsection 1 of section 3643 by striking or eliminating therefrom the words: "The cost of constructing or reconstructing the intersection or crossing of streets, avenues or highways shall be at the expense of the city."

Obviously, the elimination of these words gives cities of the fifth class in improving their streets the same power to assess the cost of constructing or reconstructing intersections and crossings against the abutting prop-

erty that they may exercise respecting the cost of constructing streets generally or parts thereof, other than intersections and crossings. Indeed, under the power conferred upon the city council by subsection 1, *supra,* as amended, it may pay such cost of construction or reconstruction, including that of intersections and crossings, out of a general fund of the city, assess it wholly against the abutting property or order two-thirds of it paid by owners of the abutting property and the other third paid by the city.

It is insisted for appellants that notwithstanding the elimination by the amendatory act from subsection 1 of the provisions requiring the cost of constructing or reconstructing street intersections and crossings to be paid by the city alone, there was left in subsection 7, *supra,* a provision forbidding the assessment of the cost of paving street intersections or crossings against abutting property; but we can find no sufficient reason for accepting this view, for to give such meaning to subsection 7 would be to give no effect to the amendment to subsection 1, which, as we have before remarked, by its elimination, expressly repealed the provision thereof requiring that the cost of constructing or reconstructing intersections and crossings be paid by the city alone. The conclusion is inevitable that in repealing the provision of subsection 1 referred to it was the intention of the legislature that the subsection, as thus amended, should apply to section 3643 as a whole, and to any plan that the city might adopt for meeting the expense of paving its street intersections and crossings. Therefore, subsection 7, which remained after subsection 1 was amended as it was before, cannot be given the controlling effect claimed for it by appellants; at most it can be regarded as only directory as to the manner of making the assessments for street improvements permitted under section 3643. Its reference to the payment by the city of the cost of constructing or reconstructing street intersections and crossings is not expressive of any authority contained in its provisions, but in exercise of authority conferred by subsection 1; and when the latter subsection was amended by eliminating from it the provision containing such authority any provision of subsection 7, originally intended to make it effective, went with it, or was repealed by implication. In other words, if the provision in subsection 7 can be said to direct the paying

of the cost of paving intersections and crossings by the city it must be held to have been repealed by implication. Indeed, it is evident that the failure to repeal it expressly, was the result of accident or oversight. In Neutzel v. Ryans 184 Ky. 292, we held (quoting from the syllabus):

"The letter of the statute will not be followed when it leads to an absurd conclusion. The reason for an enactment must enter into its interpretation, so as to determine what was to be accomplished by it. The purpose is to give effect to the legislative intent. The will of the legislature, not the words, is the law."

It is our conclusion that it was the intention of the legislature by the amendment of 1920 to remove from section 3643, Ky. Statutes, all provisions putting the cost of constructing or reconstructing street intersections and crossings upon the city alone; and, if right in this conclusion, it follows that the appellants were not entitled to the injunction prayed in the petition. Therefore the judgment of the circuit court sustaining the demurrer to and dismissing the petition is affirmed.