## Mann, et al. v. City of Henderson, et al.

(Decided May 16, 1922.)

### Appeal from Henderson Circuit Court.

Municipal Corporations—Street Improvements—Ordinance.—Section 2, chapter 10, Acts 1916, provides: "The improvement of public ways and sidewalks (including curbing and guttering) except as hereinafter provided, shall be made at the exclusive cost of the owners of the real estate abutting on such improvement." It further provides: "The common council or said board of commissioners of any city of the third class may provide by general ordinance that such city shall pay part, and if so, what part of the cost of the improvement of the streets, alleys, or other public ways (excluding sidewalks) of such city. When such provision is made, it shall be uniform and shall thereafter apply to the

improvement of all streets, alleys and public ways in the city
(excluding sidewalks) and such general provision shall not there-
after be changed or repealed except at intervals of ten years or
more." Held, that the power of the common council to provide
by general ordinance that the city should pay part, and what part,
did not carry with it the power to relieve the abutting property
owners of all liability and impose the entire burden upon the city,
and that the ordinance so providing was unauthorized and invalid
and did not prevent the board of council from enacting another
ordinance four years later, providing that the entire cost of a
street improvement should be borne by the abutting property
owners.

JOHN C. WORSHAM for appellants.

B. S. MORRIS for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

Section 2, chapter 10, Acts 1916, is in part as follows:
"The improvement of public ways and sidewalks (in-
cluding curbing and guttering), except as hereinafter
provided, shall be made at the exclusive cost of the
owners of the real estate abutting on such improve-
ment. . . .

"When in any such city having therein a street rail-
way, and the railway is required by its franchise or by
any contract with the city to pave or improve any part of
the streets or alleys of the city, proposed to be improved,
the cost of paving such portion of such streets or alleys
shall be assessed against such railway company and a
tax shall be levied upon all property, assets and fran-
chises of such company in the city for the payment there-
of. The city may pay the cost of the improvement of in-
tersections with other public ways, including one-half of
the width of the street or alley, being improved opposite
other streets or alleys, which run into, but do not cross
the street or alley so being improved, and of that pro-
portion of any street abutting upon property belonging
to the city, or it may assess the cost thereof against the
property abutting on the street or way or part thereof
ordered improved. . . .

"The common council, or said board of commissioners
of any city of the third class may provide by general or-
dinance that such city shall pay part, and if so what part,
of the cost of the improvement of the streets, alleys or
other public ways (excluding sidewalks) of such city.

When such provision is made, it shall be uniform and shall thereafter apply to the improvement of all streets, alleys and public ways in the city (excluding sidewalks), and such general provision shall not thereafter be changed or repealed except at intervals of ten years or more."

Section 6, chapter 10, Acts 1916, is in part as follows:

"Upon acceptance of the work and confirmation of the engineer's estimate of the cost thereof by the common council, or said board of commissioners, it shall, by ordinance, apportion the cost of the work, less any part to be paid by the city or any railway company, equally among the owners of the abutting property on both sides of the street improved according to the number of abutting feet owned by them, respectively, provided that the entire cost of sidewalks (including curbing and guttering) shall be apportioned among the owners of the property abutting on the side of the street on which the improvement is made, each corner lot having its sidewalk intersection included in its frontage; and shall assess and levy a local tax on the several lots or parcels of abutting property at a rate per abutting foot sufficient to produce the part of the cost of the improvement apportioned to such abutting lots or parcels of property."

On November 21, 1916, the common council of the city of Henderson, a city of the third class, enacted the following ordinance:

"When any street, alley or public way in the city of Henderson, Kentucky, shall be improved by original construction or reconstruction, or resurfacing upon a foundation already in place, the entire cost of same shall be borne by the city of Henderson."

In the month of April, 1920, the common council adopted an ordinance for the improvement of Second street at the expense of the abutting property holders and the street railway company, and providing that the cost of intersections and that part of the street in front of property owned by the city should be paid by the city.

Aaron A. Mann and others, who owned property on Second street, brought suit against the city of Henderson and its officials to enjoin them from making the improvement on the ground that the ordinance was invalid. The chancellor held the ordinance valid and dismissed the petition. Plaintiffs appeal.

It is manifest that if the ordinance of November 21, 1916, providing that the cost of street improvements

should be borne by the city, was valid, then, under the terms of the act of 1916, the plan could not be changed except at intervals of ten years or more, and the ordinance of 1920, which changed the plan, was therefore invalid. On the other hand, if the ordinance of November 21, 1916, was not authorized by the act of 1916, the ordinance was invalid, and there was nothing to prevent the common council from enacting the ordinance of 1920, which provided for the improvement of Second street at the expense of the abutting property owners.

It will be observed that section 2, *supra*, first provides that the improvement of public ways and sidewalks shall be made at the exclusive cost of the owners of real estate abutting on such improvement, except as thereinafter provided. After making an exception of that portion of the street which a street railway is required to improve, of intersections with other streets, and of that part of the street abutting upon property belonging to the city, the section provides that the common council or board of commissioners may provide by general ordinance that such city shall pay part, and if so, what part, of the cost of the improvement. Not only so, but section 6, *supra*, provides that the common council, or board of commissioners, shall apportion the cost of the work, less any part to be paid by the city or any railway company, equally among the owners of the abutting property on both sides of the street improved, according to the number of abutting feet owned by them respectively. Construing these provisions together, it seems to us that the plain purpose of the legislature was to provide that the entire cost of the improvement should be borne by the abutting property owners, unless the common council or board of commissioners declared by ordinance that part thereof should be borne by the city. It was never the intention of the legislature to confer on the legislative board of the city the power to relieve the abutting property owners of all liability, and impose the entire burden upon the city. In other words, the power to say that part of the cost should be borne by the city did not carry with it the power to say that the whole of the cost should be borne by the city. Having this view of the statute, we are of the opinion that the ordinance of November 21, 1916, which provided that the entire cost of all street improvements should be borne by the city, was unauthorized, and therefore invalid. That being true, the common council had the power to enact the ordinance of 1920,

providing that the improvement of Second street should be made at the exclusive cost of the abutting property owners.

Judgment affirmed.