## City of Shelbyville v. Hall, et al.

(Decided October 30, 1925.)

Appeal from Shelby Circuit Court.

1. Municipal Corporations—Plan for Payment of Entire Cost of Improvement from General Fund Invalid.—Under Kentucky Statutes, section 3563, plan for payment of entire cost of street improvement out of city's general fund was invalid.

2. Municipal Corporations—Completion of Improvement by Assessment of Abutting Property Held Not Precluded by Adoption of Original Plan for Payment of Entire Cost by City.—Adoption of plan for street improvement at exclusive cost of city, in violation of Kentucky Statutes, section 3563, held not binding for ten years under section 3575, so as to preclude completion of improvement by assessment of abutting property within such time; invalid plan being no plan at all.

3. Municipal Corporations—Assessed Owners Not Entitled to Credit for Material Removed from Street.—Owner of abutting property, assessed for street improvement, is not entitled to credit for material removed from surface of street and used in improving and repairing other streets.

4. Municipal Corporations—Payment of Usurious Interest on Money Borrowed for Improvement did Not Affect Liens Against Abutting Property.—That city paid more than legal rate of interest on money borrowed to pay for street improvement did not affect its right to enforce lien against abutting property for actual cost of improvement, plus interest and statutory penalties for failure to discharge lien after taking necessary steps to entitle it to collect assessment.

5. Municipal Corporations—Property on Both Sides of Street Assessable for Improvement on One Side Only.—Under Kentucky Stat-

utes, section 3574, property abutting on both sides of street may
be assessed for improvement made on one side only.

6.  Appeal and Error—Questions Presented by Answers Held Not In-
volved on Appeal from Dismissal of Petition, After Demurrer to
Answers was Carried Back to Petition and Sustained.—Whether
property abutting on one side of street can be assessed for improve-
ment made on other side, and questions as to amount of lien as-
serted, held not involved on appeal from judgment dismissing city's
petition to enforce liens on city's refusal to plead further, when
demurrer to answers was carried back to petition and sustained;
such questions being relevant only on trial on merits.

R. F. MATTHEWS and BECKHAM, GILBERT & MATTHEWS for
appellant.

TODD & BEARD for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

Section 3563 of our present statutes contains pro-
visions for the improvement of streets, alleys, sidewalks
and other public ways by, and which are within, cities
of the fourth class.  The following sections up to 3575
prescribe the rules and regulations by which the govern-
ing authority of such cities shall proceed in causing such
improvements to be made, one of which is, that if a gen-
eral plan should be adopted for the improvement of the
streets or any of the public ways therein, it shall con-
tinue for a period of ten years.  Section 3575 provides
a means whereby the abutting property owner may elect
to pay the assessment against him in equal installments
for ten years and which is commonly known as the "ten-
year plan," but unless he makes such election within
thirty days after notice for that purpose as prescribed
by the statute his property will be in lien for the entire
amount, and which may be enforced through the pre-
scribed procedure.  It is provided in section 3563 that
the entire cost of such improvement "except as herein-
after provided, shall be made at the exclusive cost of the
owners of real estate abutting on such improvement."
Further along in the section it is enacted that "the city
shall pay the cost of the improvement of intersections
with other public ways, including one-half of the width
of the street or alley, being improved, opposite other
streets or alleys which run into, but do not cross the
street or alley so being improved, and of that portion of
any street abutting on property belonging to the city,
and shall pay the cost of all improvements where the

abutting owner is a public school, cemetery, state or United States;" and still later in the section it is enacted: "The board of council of any city of the fourth class may provide by a general ordinance that such city shall pay part, and if so, what part of the cost of improvement of the streets, alleys, sidewalks and other public ways of such city." The section (3563) from which we have taken excerpts was the one now appearing in Carroll's Kentucky Statutes, 1922 edition. It was amended in 1924, but that was long after the occurrences of the matters here involved, and such amendments can not affect the merits of this controversy.

In 1919, by proceedings duly and regularly had and made by the city council of the city of Shelbyville, the improvement of Main street in the city between 7th and 10th streets was undertaken to be made at the exclusive cost of the city, but for a reason not necessary here to mention, only the north half of that street lying between the track of the interurban railway located thereon and its north curb, was actually improved under the plan then adopted and was accepted and paid for by the city with its general funds. Later the obstacle in the way of improving the entire width of the street had become removed, and by that time it was discovered by the city authorities that under the provisions of section 3563, *supra*, the city was not authorized to improve its streets at its exclusive cost, but could assume the burden to be discharged with public funds, except only as to such portions as were expressly set forth in the statute in the excerpts, *supra*, plus such portions ('but not all) as the ordinance ordering the improvement might designate. In other words, that a plan whereby the city assumed the *entire* payment for the improvements out of its general fund was invalid, as was held by us in the case of Mann v. City of Henderson, 194 Ky. 759, and followed later by the case of Board of Councilmen City of Frankfort v. Morris, 209 Ky. 63. Those cases involved the construction of section 3450 of the same statutes, which is a part of the charter of cities of the third class, but its provisions as to the right of that class of cities to assume the entire burden of the cost of such improvements are identical with the same provisions of section 3563 relating to fourth class cities. It was held in the two cited cases that the city was without authority to adopt a plan of improving its public ways at its *entire* cost. We re-

gard them as conclusive against the validity of the plan adopted by the city of Shelbyville in 1919 for the improvement of any portion of Main street therein, or any other of its streets.

Being so convinced, the city council of Shelbyville in 1920, by appropriate resolution and ordinances, adopted the plan of improving the unimproved portion of Main street between 7th and 10th streets, with the privilege of the ten-year plan, at the cost of the abutting property owners on either side of the street, *i. e.,* one-third to the abutting property owner on each side of the street and one-third to be paid for by the city, after deducting the cost to be paid by the State Highway Commission (the street being a part of one of the state highway projects) and deducting the cost of improving intersections and in front of public property, both of which the city assumed. The statute was substantially if not literally complied with in the adoption of that plan, and it resulted in the improvement of that portion of Main street between 7th and 10th which had not been improved under the plan inaugurated in 1919. No election was made by any of the abutting property owners to discharge the estimated liens against their property under the ten-year plan, and this action was instituted against them by the city of Shelbyville to enforce such liens. Answers were filed in which certain ineffective denials were made, and in other paragraphs supposed defenses were relied on; one of which was, that when the city attempted to improve the street between the points designated under the plan adopted in 1919, it could not be changed for ten years; another one was that the city to obtain the funds for the 1920 improvement borrowed money at an excessive rate of interest; another was that in removing the old surface of the street the city appropriated the material removed by improving other streets in the city, and that such material was worth $2,500.00, and the abutting property owners were entitled to credit thereby, while still another was that the owners of the property on the north side of the improved portion of Main street were not *abutting* property owners within the contemplation of the statute to the south side of that street so as to require their property to discharge its proportionate part of the cost of improving that side of the street. Other supposed defenses were also relied on, but they affected only the amount of the assessment and

are not presented for determination by the record in its present condition. A demurrer was filed to the answers, which was overruled, but upon motion it was carried back to the petition and sustained, when the city declined to plead further and its petition was dismissed, followed by its bringing the case here by this appeal.

The special judge, who rendered the judgment, did not assign his reasons for sustaining the demurrer to the petition, or his grounds for overruling the demurrer to the separate paragrpahs of the answer, and we are left to speculation alone as to what they were. The only ground that we can conjecture that was in the mind of the court, is that he concluded that the adoption of the 1919 plan whereby the city undertook to make the improvement at its exclusive cost could not be changed or altered under the statute until the expiration of ten years thereafter, or he may have concluded that other improvements made upon other portions of the same street prior to 1919, and which were done at the exclusive cost of the city had the effect to adopt a plan which could not be altered or changed until the expiration of ten years. If our conjecture is correct, then the conclusions of the court were in direct conflict with the Mann and Morris cases, *supra,* both of which are based upon sound reasoning, since the adoption of an invalid plan is the adoption of no plan at all. Neither can we believe that the court was induced to make the ruling complained of by appellant upon the ground that the paragraphs of the answers seeking credit by the alleged value of the removed material, and the one relying on an excessive rate of interest that the city paid in borrowing funds to pay for the improvement, constituted valid defenses, since the proposition that the abutting owner is entitled to the material removed from the surface of the street is so fallacious as to require no argument to refute it; and the fact that the city may have paid interest on the money it borrowed above the legal rate cannot affect its right to enforce the lien against the abutting property owners for the actual cost of the improvement, plus interest and penalties provided by the statute for the failure on the part of the property owner to discharge the lien, after the necessary steps were taken by the city to entitle it to collect the assessment.

It is strenuously insisted, however, that under the facts stated the owners of the property abutting on the north side of the street can not be assessed for the improvement made on its south side under the 1920 improvement proceedings. But it is our conclusion that the contention is wholly without merit. The statute gives a lien (section 3574), "upon all abutting property on both sides of the street improved according to the number of abutting feet owned by them respectively." So that, the property in order to be taxed with its proportionate part of the improvement is only required to abut on the street, and if it does so on some portion of the street it is sufficient to entitle the city to assert the lien. It might be that, because of natural conditions growing out of the topography of the surface, it would be much more expensive to improve one side of the street than the other, yet it could scarcely be contended that the abutting property owner on the more expensive side of the street would be required to pay all of its cost without the excess being shared by the abutting owner on the other side of the street. In other words, the surface of the street is a unit for the purposes of improvement, and although it may be done on some particular part of the surface of the street the owners of the abutting property on the *street* must share their proportionate part of the cost, regardless of the particular place in the street where the improvement is made. However, that question was not presented by the petition, and could not possibly influence the court's ruling in sustaining the demurrer filed thereto. The other questions presented by the answers are ones of fact affecting only the amount of the lien attempted to be asserted, and are relevant only upon the trial upon its merits. It is, therefore, our conclusion that the court erred in overruling the demurrer to the paragraphs to the answers, *supra,* and in sustaining it to the petition.

Wherefore, the judgment is reversed, with directions to set it aside and to overrule the demurrer to the petition and sustain it as to the paragraphs of the answers enumerated, and for further proceedings consistent with this opinion.