## Hisel v. City of Greenup, et al.

(Decided April 23, 1926.)

### Appeal from Greenup Circuit Court.

1. Municipal Corporations.—To adopt one of plans for construction of streets provided in Kentucky Statutes, section 3643-1, there must be some official action by city authorities.

2. Municipal Corporations.—Failure to Adopt Statutory Plan for Street Improvement Does Not Preclude City from Building Other Streets Under Statutory Plan (Kentucky Statutes, Section 3643-1).— City, by contributing to cost of work on streets by property owners under private contract, does not adopt any one of plans provided in Kentucky Statutes, section 3643-1, and is not thereby precluded from adopting statutory plan for construction of other streets at expense of abutting property owners.

ALLEN D. COLE and W. T. COLE (T. E. NICKELS, of counsel), for appellant.

A. V. POLLOCK and S. S. WILLIS for appellees.

OPINION OF THE COURT BY DRURY, COMMISSIONER— Affirming.

Plaintiff having sought by injunction to restrain the enforcement of a street improvement ordinance enacted by the defendant, was unsuccessful, and has appealed. The city of Greenup has had some difficulty in settling upon some definite plan for the improvement of its streets. Some years ago, it enacted an ordinance for the improvement of its streets at the expense of the abutting property owners. Litigation resulted that found its way to this court. See 192 Ky. 268, 232 S. W. 383. As a result of that litigation, the enthusiasm of the citizens for the improvement of the streets was so chilled that the improvements contemplated at that time were never made, and that ordinance has never been enforced. With the opening of the state highways into Greenup, the traffic upon its streets was greatly increased. The dust of summer and the mud of winter became intolerable, and the citizens began once more to clamor for street improvements. The owners of property abutting on Main street made a contract with a contractor to pave that street, and it was paved under a private contract made by these owners of abutting property. They obtained the city's consent to this improvement, and the city, it

seems, made some small contributions to the construction of some approaches which are in this record incorrectly termed intersections. There was a bridge across the town branch, for the paving of which the city paid. The city also paid a portion of the cost of some paving done under private contract on Laurel street, amounting, all told, to the sum of $3,368.65, all of which was paid out of the general fund.

In June, 1924, the city enacted an ordinance for the improvement of Perry, Harrison and Washington streets, at the expense of the abutting property owners, and plaintiff brought this suit alleging that she is the owner of property abutting on those streets; that she has already by taxes upon her property, contributed to the improvement of Main and Laurel streets, and she therefore contends that the action of the city of Greenup in attempting to pave Perry, Harrison and Washington streets at the expense of abutting property owners is null and void, is a violation of the Constitution of Kentucky, as well as of the Fourteenth Amendment of the Federal Constitution, and will result in an inequality of the burdens of taxation.

By section 3643-1, Kentucky Statutes, it is provided that in cities of the fifth class, the streets, sewers, etc., may be paid for out of the general fund of the city; at the expense of the abutting landowners; or the streets may be improved and the cost divided between the city and the landowners.

In the case of Wickliffe v. City of Greenville, 170 Ky. 528, 186 S. W. 476, we held that while a city may adopt any of the three plans provided, it must follow the same plan in all cases.

In the case of Shaver v. Rice, 209 Ky. 467, 273 S. W. 48, we held that the requirement that the same plan be followed in all cases, means one of the plans provided for by the statutes.

In the case of City of Shelbyville v. Hall, 210 Ky. 830, 276 S. W. 987, we said: "The adoption of an invalid plan is the adoption of no plan at all." To adopt a plan, there must be some official action by the city authorities; an ordinance or resolution must be passed adopting the plan, and the work done on Main and Laurel streets was not done under any such an adoption.

The city of Greenup, in contributing to the cost of the work done on those streets by the property owners under private contract, did not adopt any one of the

plans provided by the statute, and was not thereby precluded from thereafter adopting one of those statutory plans for the construction of Perry, Harrison and Washington streets, and hence the plaintiff was not entitled to have the city enjoined from building those streets at the expense of the abutting property owners.

The judgment is affirmed.