## Baker v. City of Princeton.

(Decided November 23, 1928.)

### Appeal from Caldwell Circuit Court.

1. Constitutional Law.—Persons paying fee to city for privilege of connecting with sanitary sewer system did not thereby acquire a vested right which city was without power to interefere with or take away.
2. Constitutional Law.—The police power may not be bartered away.
3. Municipal Corporations.—Constitution, secs. 171, 172, requiring uniformity of taxation, have no application to assessments for public improvements which confer local benefits.
4. Municipal Corporations.—Acts 1928, c. 88, having left to sound discretion of board of council of cities of fourth class question whether sanitary sewer system shall be a single district or several districts, courts are without authority to interfere with action of council in creating single district, even though they may believe it would be more advisable to adopt different plan.

R. W. LISANBY for appellant.

C. A. PEPPER for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—
Affirming.

At its 1928 session, the General Assembly passed "An Act to amend and re-enact an act appearing in chapter ninety-eight, page two hundred and sixty-six of the Acts of the General Assembly of the Commonwealth of Kentucky, one thousand nine hundred and twenty-four, approved on March tenth, one thousand nine hundred and twenty-four, entitled, 'An Act to provide for the construction of sewers in cities of the fourth class, and to provide for the payment of the same, and repealing subsection nine of section three thousand four hundred and ninety, Kentucky Statutes, relating thereto.' " This act was approved by the Governor, and is chapter 88, Acts 1928. This act authorizes the board of council of cities of the fourth class to construct, reconstruct, maintain,

alter, repair, or change sewers along or under any of the streets, alleys, or highways of the city, or such other rights of way as it may acquire, and to assess the entire costs, including the construction of intersections to an amount not exceeding $2 per front foot of the abutting property. When, however, the amount of the quotient, after dividing the entire cost of the construction of the sewer, exceeds the sum of $2 per front or abutting foot, then the entire cost of construction of the sewer shall be assessed upon the lots and lands in the district of said sewer which may be benefited thereby according to the benefits received. It is further provided that the construction of such sewer system may include sewage disposal plants, mains, and laterals for the common use and benefit of all the sewers of the city, the cost thereof to be included in and to be a part of the total cost of the construction. The act also provides that, in the construction of such sewer system, the city may incorporate therein any sewers theretofore constructed, which, in the judgment of the board of council, may be proper and suitable for such purpose, and in such event a proper and equitable credit and abatement shall be made on account thereof to the property or the property owners served by such sewers, where same was constructed by such property owners. After the act went into effect the city council of the city of Princeton, a city of the fourth class, passed ''An ordinance declaring the necessity for the construction and maintenance of a sanitary sewerage system for the City of Princeton, Kentucky, and providing for the construction of same, together with sewerage disposal works upon the ten-year installment payment plan, and naming the streets, alleys, highways, and public ways and private ways under and along which said sewers will be constructed and describing the property benefited thereby subject to the payment of the same, and declaring and defining the districts in which the same will be constructed.''

This action was instituted by Gus B. Baker, a citizen, taxpayer, and abutting property owner, to enjoin the city from proceeding with the letting of contracts, and the construction of the sewer system. The case was submitted on an agreed state of facts, which, so far as material, is as follows: Princeton, a city of the fourth class, is governed by a mayor and six councilmen. The ordinance in question was read at two regular sessions

of the council. On a yea and nay vote it received the votes of four councilmen. It was then approved by the mayor and properly published. The sewers all empty through one disposal plant, the cost of which is about one-fifth of the cost of the system. The ordinance provides for one main sewer into which all other sewers will empty. Several years ago a judgment for damages was rendered against the city on account of its inadequate sewer system. The present system has been condemned by the state board of health, the county board of health, and the city board of health, as being dangerous to the health and life of the community. The proposed system is one of the best and most economical that can be planned for the city, and meets with the approval of the state and local health authorities. On final hearing, the chancellor adjudged that the city had the right to construct the proposed sewer system and denied plaintiff the relief prayed. Plaintiff appeals.

It appears that about 20 years ago the city constructed a small sewer system in its business section, and that this served a few residences, including two belonging to appellant. Any one desiring to connect with the system paid a fee of $20 to the city for the privilege. No further charge was provided, and it is insisted that appellant and others who paid the fee acquired a vested right which the city is without power to interfere with or take away. It is not even claimed that there was a contract giving those who paid the connecting fee sewer privileges for all time to come. Even if there had been, it would have been beyond the power of the city to make. No rule of law is better settled than that the police power may not be bartered away. Goszler v. Georgetown, 6 Wheat. 593, 5 L. Ed. 339; Stone v. Mississippi, 101 U. S. 814, 25 L. Ed. 1079; Commonwealth v. Douglass, 100 Ky. 116, 24 S. W. 233, 15 Ky. Law Rep. 581, 66 Am. St. Rep. 328. The mere right to tap a sewer system in consideration of a specified fee is simply a temporary privilege which must yield when it becomes necessary to discontinue the old system, and construct a new system in order to promote the public health.

Another contention is that the act and ordinance pursuant thereto are discriminatory, in that they require improved and unimproved property to pay at the same rate. This question has been before the court on several occasions, and it uniformly has been held that sections

171 and 172 of the Constitution have no application to assessments for public improvements which confer local benefits. Shaw v. City of Mayfield, 204 Ky. 618, 265 S. W. 13; Katterjohn v. King, 202 Ky. 69, 258 S. W. 960; Vogt v. City of Oakland, 166 Ky. 810, 179 S. W. 1037.

The further point is made that the council was without power to create a single district, but should have created several districts to the end that the burden would fall more equally upon the property owners. There is nothing in the act that requires a city council to divide the city into separate districts. On the contrary, the whole matter is left to the sound discretion of the board of council, City of Jackson v. Riffle, 219 Ky. 689, 294 S. W. 142; Little v. Town of Southgate et al., 221 Ky. 604, 299 S. W. 587, and the courts are without authority to interfere, even though they may believe it would be more advisable to adopt a different plan.

In conclusion, we may add that the act fully protects and safeguards the rights of the abutting property owners by giving them an opportunity to be heard, and vesting the board of council with the power to make such corrections or adjustments in the estimate or apportionment of cost as may in its judgment be just and equitable.

We agree with the chancellor that the city has the power to construct the proposed sewer system in accordance with the terms and conditions contained in the ordinance.

Judgment affirmed.