# Lawson et al. v. City of Greenup et al.

(Decided January 18, 1929.)

WOODS, STEWART & SMOOT for appellants.

A. V. POLLOCK for appellees.

OPINION OF THE COURT BY JUDGE REES—Affirming.

Greenup, in Greenup county, is a city of the fifth class. On October 1, 1928, its board of council duly enacted an ordinance, dividing the city into three drainage areas, and providing for the construction of a system of sewers, at the expense of the owners of abutting property under the 10-year bond plan of subsections 1-12 of section 3643, Carroll's Kentucky Statutes, 1922 Edition, as amended by chapters 93 and 98 of the Acts of the General Assembly of 1928. The three areas into which the city is divided are treated as one unit for the purpose of assessing the cost of construction. The city advertised for bids for the construction of the proposed sewer

system, and at the letting the appellee and defendant below, John D. Greenwade, was awarded the contract at his bid of $38,312.50.

Appellants, J. T. Lawson, C. B. Bennett, and R. C. Jackson, instituted this action against the city and the successful bidder to enjoin them from entering into a contract for the construction of the proposed system of sewers, upon the ground that the ordinance is invalid because: (1) It provides that the property owner shall pay the cost of constructing sewers across street intersections; (2) it attempts to assess a lien againt public property for its proportionate part of the cost of construction; and (3) that the board of council is without authority to divide the city into three drainage areas and then to treat these areas as one unit for the purpose of assessing the cost of construction. A general demurrer to the petition was sustained. The plaintiffs declined to plead further, and from the judgment dismissing their petition they prosecute this appeal.

Subsection 1 of section 3643, Kentucky Statutes, as re-enacted in 1912 (Laws 1912, c. 123), contained this provision: ''The cost of constructing or reconstructing the intersection or crossing of streets, avenues and highways shall be at the expense of the city.'' Subsection 7 of section 3643 contained this provision: ''All property fronting or abutting or bordering upon said improvement belonging to the city shall be considered and assessed as property belonging to individuals, and the assessment thereon, together with the cost of intersections and crossings, shall be paid by the city out of the general fund and charged to the 'street improvement fund.' '' Subsection 1 of section 3643 was amended by an act of 1920 (Acts 1920, c. 134, p. 617) by striking therefrom the words, ''the cost of constructing or reconstructing the intersection or crossing of streets, avenues and highways shall be at the expense of the city.''

In Lawson v. City of Greenup, 192 Ky. 268, 232 S. W. 383, the validity of an ordinance of the city of Greenup, requiring the paving of certain designated streets of the city under the 10-year bond plan, the entire cost of such paving, including intersections and crossings, to be assessed against the real estate abutting on the streets paved, was attacked. It was there contended that, notwithstanding the elimination by the amendatory act from subsection 1 of the provision requiring the cost of con-

structing or reconstructing street intersections or crossings to be paid by the city alone, there was left in subsection 7 a provision forbidding the assessment of the cost of paving street intersections or crossings against abutting property. It was held, however, that in repealing the provision referred to of subsection 1 it was the intention of the Legislature that the subsection as thus amended should apply to section 3643 as a whole, and that the provision in subsection 7 above quoted, in so far as it could be said to direct the payment of the cost of paving intersections and crossings by the city, was repealed by implication. This construction of the statute was followed in Shaver v. Rice, 209 Ky. 467, 273 S. W. 48.

By an act of the General Assembly of 1928 (Acts 1928, c. 93, p. 354) subsections 1, 2, and 3 of section 3643 were amended. The only change made in these subsections by the amendment was the insertion of the words "watermains and connections." Subsection 7 of section 3643 was also amended by an act of the General Assembly of 1928 (Acts 1928, c. 98, p. 370). As amended and re-enacted it contains the provision above quoted relative to the requirement that the cost of construction of intersections and crossings shall be paid by the city out of the general fund and charged to the "street improvement fund," and, immediately following this provision, the following clause was inserted: "And any county may be required by the city council to pay the cost of all improvements in streets upon which its property abuts or borders in the same manner as other property owners."

It is the contention of appellants that, when the Legislature re-enacted subsection 7, leaving therein the provision that the cost of intersections should be paid by the city, this provision again became effective, and, when chapters 93 and 98 of the 1928 acts are read together, property owners cannot be required to pay for the cost of constructing sewers across street intersections. On the other hand it is argued for the appellees that it was the purpose of the Legislature, in amending subsection 7 of section 3643, to enlarge rather than to restrict the power of the city authorities, and to make real estate owned by the county subject to the burdens of such improvements, and not to affect the ruling in Lawson v. City of Greenup, supra, and that, if it had intended to change the operation or effect of the statute, it would

have done so in explicit and unmistakable terms. Be this as it may, so far as the amendment relates to the cost of constructing or reconstructing the intersections of streets, the statute clearly does not require the cost of constructing sewers at street intersections to be paid by the city. Subsection 1, prior to the amendment of 1920, contained a provision that the cost of constructing or reconstructing the intersection or crossing of streets, avenues, and highways should be at the expense of the city, but contained no provision requiring the construction of sewers at intersections at the expense of the city. The cost of intersections and crossings to be paid by the city, referred to in subsection 7, necessarily referred to that character of construction at intersections that the city was required to pay by subsection 1, to wit, the cost of constructing streets. This was the interpretation given it in Lawson v. City of Greenup, supra, and, even if the Legislature re-enacted subsection 7 with the intention of making the quoted provision effective, it must have re-enacted it with the same meaning that it had when the amendment of 1920 was enacted. Even before the act of 1920 it was in the discretion of the city council to require either the city or the property owners to pay the cost of constructing sewers at street intersections and crossings, and neither that act nor the act of 1928 affected the authority of the city council in that respect. We are of opinion, therefore, that in no event does the provision in chapter 98 of the Acts of 1928, that the cost of intersections and crossings shall be paid by the city, apply to the cost of construction of sewers.

The petition alleges that Greenup county owns property abutting upon the proposed improvement, and that this property will be assessed for its proportionate part of the cost. It is contended that so much of the act of 1928 as attempts to make the property owned by the county subject to assessment for the cost of the improvements enumerated therein is unconstitutional and void, and that therefore the ordinance in question is invalid. The county is not a party to this suit. However, it is unnecessary to determine whether or not the provision of the act referred to is valid, since, if it is invalid, the city will be liable for the cost of the improvement in front of the county property, just as it would have been liable had the 1928 amendment not been enacted. This did not invalidate the ordinance, unless the debt thus created

418

exceeded the income of the city for the year in violation of section 157 of the Constitution. No facts were alleged in the petition to show that the income of the city for the year will be exceeded by reason of its assuming the cost of constructing the sewers in front of public property. There is an averment that the city has incurred debts and obligations in excess of its revenue for the year, but that is a mere conclusion. Pulaski County v. Richardson, 225 Ky. 556, 9 S. W. (2d) 523.

Appellants also contend that the city council was not authorized to divide the city into three drainage areas and then treat the entire system as one unit for the purpose of assessing the cost of its construction. A similar contention was adversely disposed of in Little v. Town of Southgate, 221 Ky. 604, 299 S. W. 587. Also see the recently decided case of Baker v. City of Princeton, 226 Ky. 409, 11 S. W. (2d) 94. This was a matter within the discretion of the city council, and there is nothing in the ordinance tending to show, nor any averment in the petition, that this discretion was abused. Whatever may have been the reason actuating the board of council to divide the city into three areas, there is nothing to indicate that the entire territory affected by the improvement is not equally benefited.

For the reasons indicated the judgment is affirmed.