## Hodge v. City of Princeton et al.

(Decided January 22, 1929.)

482

S. D. HODGE for appellant.

C. A. PEPPER for appellees.

Opinion of the Court by Judge Clay—Affirming.

By an act which became effective and is now chapter 88, Acts 1928, the General Assembly at its 1928 session conferred on the board of council of cities of the fourth class the power to construct, reconstruct, maintain, alter, repair, or change sewers along or under any of the streets, alleys, or highways of the city, or such other rights of way as it might acquire, and to assess the entire cost, including the construction of intersections, to an amount not exceeding $2 per front foot of the abutting property. When, however, the amount of the quotient, after dividing the entire cost of the construction of the sewer, exceeds the sum of $2 per front or abutting foot, then the entire cost of construction is to be assessed upon the lots and land in the district according to the benefits received. The act further provides that the construction of such sewer system may include sewage disposal plants,

mains, and laterals for the common use and benefit of all the sewers of the city, the cost thereof to be included in and to be a part of the total cost of the construction. After the act went into effect the city council of the city of Princeton, a city of the fourth class, passed an ordinance declaring the necessity for, and providing for, the construction of a sanitary sewerage system for the city, together with sewerage disposal works upon the ten-year installment plan, and naming the streets, alleys, highways, and public and private ways under and along which the sewers will be constructed, and describing the property benefited thereby and subject to the payment of the same, and declaring and defining the districts in which the sewer would be constructed.

This action was brought by S. D. Hodge, a citizen, taxpayer and property owner, against the city of Princeton and its officers and the successful bidder, to enjoin the construction of the sewer system. A demurrer was sustained to the several paragraphs of the petition as amended, and the petition was dismissed. Plaintiff appeals.

The principal ground on which the validity of the ordinance and the contract enacted pursuant thereto is attacked is that the action of the members of the council was a corrupt violation of the platform pledges made by them while candidates for office. The platform on which they ran is as follows:

"As previously stated, if elected, we shall use every effort to extend the present inadequate sewerage system to the part or those parts of the city where sanitation is most needed as fast as the finance of the city will permit. We shall not attempt, if elected, to force compulsory sewerage connection unless the public health and common decency demand it. Even then we do not believe it would be wise to force sewerage connection at the expenses of abutting property on property of such little worth that the sale or rental value would not justify the action. In fact we feel that we should not attempt to force sewerage connections anywhere in the city of Princeton against the will of the majority. We believe that there is not one intelligent person who would ask us to obligate ourselves to do nothing with this all important question. *It will not be our aim to strain or embarrass the finances of the city or any individual*

*relative to any sewerage or street improvement program.* This does not argue, however, that we will not attempt at the earliest date that the city's finances will permit to install adequate sewerage for the school building and adjacent territory in the eastern part of the city.''

It is alleged, in substance, that the public health and common decency did not require such a sewer system in the territory embracing plaintiff's property, or any part thereof, in the present sewer districts as heretofore built by the city, except the schoolhouse and immediate vicinity and eastern portions of the city. It is further alleged that notwithstanding the promises contained in the foregoing platform, four of the councilmen corruptly and fraudulently voted for the ordinance in question. The case of Scott v. Forrest, 174 Ky. 672, 192 S. W. 691, is not controlling. There the fiscal court of Metcalfe county entered an order submitting to the voters the question whether they were in favor of issuing $30,000 in bonds for the purpose of building roads and bridges. Prior to the election it passed an order naming the roads to be constructed with the proceeds of the bond issue. The issue was carried on the faith of that order, and we held that the fiscal court was without authority thereafter to repeal or amend the order, and thereby defeat the purpose for which the bonds were voted. It must not be overlooked that the order in that case was passed by the members of the fiscal court while in office, and not by men who were mere candidates for office. The bonds could not be issued without the assent of the voters. Their assent was induced by the order naming the roads. We accordingly held that the order was in effect a contract with the people, and that good faith required that the contract be kept. In the case under consideration it was not necessary to obtain the assent of the voters to the enactment of the ordinance, and no election for that purpose was held. The councilmen as a body took no official action that amounted to a contract with the people. All that is claimed is that, in voting for the ordinance in question, the members of the council violated their pre-election promises. The powers of municipal officers are fixed by the Legislature within the limits prescribed by the Constitution. These powers they have the right to exercise, and, so long as they do not act corruptly or in bad faith, the courts will not interfere with their actions.

The corruption or bad faith that will subject their action to review is such as concerns, or is connected with, their official actions, and has nothing to do with their conduct or promises while mere candidates for office. It is apparent, therefore, that the validity of official action cannot be made to depend on the keeping of pre-election promises. To so hold would be to substitute for government by law government by estoppel, with all the uncertainty, confusion, and chaos that would inevitably follow. We are therefore of the opinion that the ordinance was not invalid because it was enacted by members of the general council in violation of the pledges they made while candidates for office.

Another ground on which the ordinance is assailed is that it was not passed by the vote of two-thirds of the members of the council. It is conceded that the council was composed of six members, and that four of them voted for the ordinance, but insisted that Fred Taylor, one of the four, was disqualified. Respecting him the petition alleges:

"That the defendant, Fred Taylor, is a dealer in sewer pipe, cement, and other builders' material, and on account of the necessity for such materials and with the expectation and with the fraudulent and unlawful purpose of being able to sell and provide the necessary sewer pipe, cement and other things handled by him to the expected contractor voted for the passage of said ordinance so as to include the plaintiff's said property, and other property similarly situated, and is and was thereby disqualified by reason of his selfish interest to vote for the passage of said purported ordinance."

It is not alleged that Taylor was in any way financially interested in the contract for the construction of the sewer system, or that he was induced to vote for the ordinance by a promise that any part of the sewer pipe, cement, or other building material would be purchased from him. Reduced to its final analysis, all that is alleged is that he voted for the passage of the ordinance with the expectation and fraudulent purpose of being able to sell the necessary materials to the expected contractor. All that this means is that he was influenced in his vote by the remote possibility of a sale to the unknown successful bidder. The allegation is not suscept-

486

ible of proof. It involves a metaphysical inquiry that no one can answer. It is too vague, uncertain, indefinite, and nebulous to show any disqualifying interest on the part of Taylor. That being true, the facts relied on do not show that the ordinance was not passed by a two-thirds vote.

But the point is made that appellant should have been granted the relief prayed on the ground that the tax was confiscatory. Not only did the facts alleged fail to make out a case of confiscation, but that defense may be made when it is sought to collect the tax. That being true, appellant has an adequate remedy at law, and therefore is not entitled to injunctive relief.

Appellant's other contentions, that the ordinance is discriminatory in that it requires property that is unimproved or of small value to pay at the same rate as improved or more valuable property, and that the council was without power to create a single sewer district, were decided adversely to appellant in the recent case of Baker v. City of Princeton, 226 Ky. 409, 11 S. W. (2d) 94, a taxpayer's suit to test the validity of the ordinance. It is true that this case is before us on demurrer, and therefore without a plea of res judicata, but, upon a reconsideration of the questions involved, we adhere to our former rulings.

Judgment affirmed.