# Henry Bickel Co. et al. v. City of Louisville et al.

Feb. 20, 1940.

Grover G. Sales, Special Judge.

William F. Clarke, Jr., William Furlong and John H. Chandler for appellants.

Hal O. Williams, Luther M. Roberts, Lawrence S. Poston, Edward Q. Showers and K. A. Schwabenton for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK—Reversing.

This is an attack upon the Major Street Improvement Act passed by the General Assembly in 1930. C. 87, Acts 1930, Sections 2839b-5 to 2839b-35, inclusive, of the Statutes. The action was brought by the Henry Bickel Company, as a taxpayer and a party about to be affected by the Act, to enjoin the city and certain of its officers from further expending funds under it, and to have the Act declared unconstitutional. Other taxpayers similarly situated intervened. The City's demurrers to the petition as amended and the intervening petition were sustained. The petitioners and intervening petitioners declined to plead further and judgment was entered dismissing their petitions; hence this appeal.

Numerous objections are raised to the Act. It seems to us, however, that the special trial judge summarized fairly the complaints in his memorandum opinion, aside from the question as to whether the City has abandoned the plan adopted under the Act, as follows: (1) lack of constitutional uniformity in the manner of assessment; (2) lack of benefits in the area assessed, which benefits it is insisted must exist to justify local assessment (also absence of standards for fixing the area to be assessed); and (3) the plan is so unwieldy as to be unworkable.

Section 2 of the Act (Section 2839b-6 of the Statutes) is as follows:

"That where any city of the first class in this Commonwealth has adopted a major street plan, in accordance with a comprehensive plan of said city, and shall at any time or times, in pursuance of said plan, desire to widen, alter or extend and improve any such major street or streets, in accordance with

said plan or any definite part or parts of any such street or streets or shall desire at any time or times in pursuance of said major plan to lay out and improve any new major street or streets as required by said plan, it may do so in the manner provided by this Act.''

Subsequent sections of the Act set forth the machinery for putting the plan into effect. These steps are fairly summarized in the brief of the Bickel Company, as follows:

''The Act provides that when recommended by the Planning & Zoning Commission the Director of Works of said City may prepare an ordinance defining the extent and boundary of the street to be widened, altered or extended and improved, if an old street or if a new street to be opened and improved, specifying the width of the street from property line to property line and the character of the construction or reconstruction required.

''This ordinance shall be accompanied by a plan and survey showing the character, course and extent of the improvement and the property necessary to be taken or interfered with, and the name of the owner and the lot and block number as shown in the City Assessor's office of each parcel of such property with such explanation as the Director of Works may deem necessary, including the district to be taxed for the improvements and whether or not the property values will be increased by the improvements, and including other information as required by the Act.

''It further provides that after the ordinance shall have been introduced in the legislative body of the said cities of the first class, the legislative body shall cause notice by newspaper advertisement to be given of a public hearing, following which the ordinance may be amended or changed as circumstances warrant.

''It further provides that after the adoption of the ordinance, the City Attorney shall file a suit in the Circuit Court making as parties defendant thereto all persons whose property will be affected

or included in the area benefited thereby, or whose property will be taken in the construction thereof.

"The Act then provides for viewers and appraisers to make separate reports as to the damages accruing to property owners by the taking of their property for said improvements and as to the benefits accruing to the property owners by reason of said improvements, and provides for the establishment of areas to be benefited by the improvements and to be included in the district to be taxed therefor.

"It further provides for objections and exceptions by property owners and persons affected, for hearings thereon, the action of the Court, and for appeals to the Court of Appeals of Kentucky, and otherwise provides a full and comprehensive set of rules for constructing and carrying out a major street plan in first class cities, the cost of which, including original construction and reconstruction, to be assessed against the property in the area found to be benefited thereby, and further provides for the payment thereof on the ten payment plan."

The new method for financing the improvement of certain streets designated as major streets does not supplant the old plan providing for assessing the cost of original construction of streets in a city of the first class against the property owners on the quarter square basis in so far as other streets are concerned. Section 2833 of the Statutes. Under the new plan for improving major streets the work may be either original construction or reconstruction, and presumably the benefited area would be more extensive than on the quarter square basis. Costs, including those for rights of way, will be assessed on the basis of the benefits derived.

This brings us to the first major objection to the Act, namely, Does the new Act destroy uniformity of taxation for street improvements in first class cities? We think this question must be answered negatively. The General Assembly has seen fit to provide a method for classifying certain thoroughfares in first class cities as major streets, and has provided a method for assessing the costs of improving such streets in accordance with the benefits derived therefrom against the property

owners in areas to be determined. We see no objection to this. Obviously, there are differences in traffic conditions on the more important streets, as well as other reasons, in a city such as Louisville, one of the first class, which would warrant the grouping of these streets into a separate class for improvement purposes. There are distinctive and natural reasons for the classification. Community Hospital v. Barren County Fiscal Court, 244 Ky. 672, 52 S. W. (2d) 896; See also Frantz v. Jacob, 88 Ky. 525, 11 S. W. 654, 11 Ky. Law Rep. 55, and the cases of In re Aurora Avenue in City of Seattle, 180 Wash. 523, 41 P. (2d) 143, 96 A. L. R. 1374; Baird v. City of Wichita, 128 Kan. 100, 276 P. 77; and State ex rel. v. French, 130 Kan. 464, 286 P. 204. While it is true that the improvement of such streets benefits the traveling public, as well as the property owners in the areas against which the cost of the improvement is to be assessed, we do not think that it necessarily follows that the cost of such improvement should be met from the City's general tax funds; nor do we see any objection to the Act because it provides for the reconstruction as well as the original construction of certain streets. Bradley v. McAtee, 7 Bush 667, 70 Ky. 667, 3 Am. Rep. 309; Broadway Baptist Church v. McAtee, 8 Bush 508, 71 Ky. 508, 8 Am. Rep. 480; Baker v. City of Princeton, 226 Ky. 409, 11 S. W. (2d) 94.

Whether the new plan is the best one that could be devised under the circumstances is not for us to determine. We must look to whether the plan for classifying certain streets as major streets, with the accompanying plan for financing their improvement, is a reasonable one and not arbitrary and capricious. Even if we were doubtful as to the constitutionality of the Act, our doubts would be resolved in its favor. Whitaker v. Green River Coal Company, 276 Ky. 43, 122 S. W. (2d) 1012, 119 A. L. R. 1456; Beacon Liquors v. Martin, 279 Ky. 468, 131 S. W. (2d) 446; Markendorf v. Friedman, 280 Ky. 484, 133 S. W. (2d) 516; Bradley v. McAtee, supra.

We find no serious difficulty as to the question of assessing the costs in the benefited area in accordance with the benefits derived, nor as to the standards for determining such area. We quote and adopt the reasoning of the special trial judge on this point.

"The second claim that there is lack of benefit in the area assessed, which benefits must exist to justify local assessment, likewise falls to the ground when the Act is examined. Every safeguard is thrown about the owner of property in the benefited area to protect him against arbitrary or unjust assessments. If no benefit can be shown to the property owner within the district then no tax can be assessed against it to pay for the proposed major street improvements.

"The appraisers are required to file a report stating the amount of benefit to each piece of property and to show the reasons therefor and the property owner may file exceptions to that report before the Circuit Court and obtain a jury trial on the issues thus made. Therefore, the claim as to the lack of benefits to the property owner or the assessment against him of arbitrary amounts without rhyme or reason is without substantial merit. Unless benefits are proven the Courts will protect the challenged property owner from wrongful deprivation and the law provides every safeguard for the protection of his rights.

"Counsel urge that a yardstick should be set up to measure these benefits and that the determination of same is left entirely to the whim of the appraisers.

"The fact is overlooked that the appraisers themselves or the Court, on filing of exceptions to their report, may establish a yardstick.

"I think a yardstick which may be varied in exceptional cases should be applied but certainly the appraisers and Courts may take care of this difficulty after the ordinance is passed, and nothing in the Constitution invalidates this law because of its failure in this respect.

"It is impracticable for the Legislature to write out detailed provisions for the actual determination of benefits in an Act of such important and comprehensive range and it seems to me that this power is properly delegated to expert appraisers appointed by the Court under the supervision of the Court; but even if some other method were sounder or

wiser, certainly this Court would not assume to set up its opinion as against that of the experts who have drafted this Act and the Legislature which has passed it."

See Shaw v. Board of Drainage Commissioners of Daviess County, 160 Ky. 422, 169 S. W. 859; Williams v. Wedding, 165 Ky. 361, 176 S. W. 1176; and also In Re Aurora Avenue in City of Seattle, supra, and Baird v. City of Wichita, supra; Dillon on Municipal Corporations, 5th Ed. Vol. IV, Section 1431; Bauman v. Ross, 167 U. S. 548, 17 S. Ct. 966, 42 L. Ed. 270; Hagar v. Reclamation District 108, 111 U. S. 701, 4 S. Ct. 663, 28 L. Ed. 569.

Administering the Act may be a difficult job. An examination of it shows that numerous steps must be taken before the actual improvement of a street may be begun. It seems to us, however, that sufficient guideposts have been set up to permit reasonably effective administration of the Act. Mere cumbersomeness of itself will not make an Act unconstitutional. Milliken v. Harrod, etc., 275 Ky. 597, 122 S. W. (2d) 148.

The Bickel Company filed an amended petition in which it pleaded that, since the City adopted its major street improvement plan in 1930, it has gone ahead and constructed certain streets included in the plan in accordance with the method set forth in Section 2833 of the Statutes, and also by the use of general tax funds. These facts are admitted on demurrer. The point is made that this action on the part of the City constitutes an abandonment or implied repeal of the plan. With this view we are in accord. While we have said in effect that the Act is constitutional and that the classification of certain thoroughfares as major streets is valid, and also that the new method for assessing costs of such streets against benefited property owners in certain areas is valid, we are of the opinion that once such a plan is established, and such classification set up, all improvement work on the streets included in the plan must be done in accordance with the Act of 1930. Notwithstanding the adoption of a major street improvement plan in 1930, the City has elected to construct and reconstruct certain of the designated major streets in accordance with the old methods for financing such

work. ' This, as we have indicated, constitutes an abandonment of the plan.

It follows, therefore, that the special trial judge erred in sustaining the demurrer to the petition of the Bickel Company as amended. The amended petition stated a cause of action.

Wherefore, the judgment is reversed, with directions for proceedings consistent with this opinion.

Whole Court sitting.